FILED

June 15, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:41 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| SALVADOR SANDOVAL, | ) | |
| Employee, | ) | Docket No. 2017-06-2147 |
| | ) | |
| v. | ) | |
| | ) | |
| MARK WILLIAMSON d/b/a | ) | State File No. 20343-2015 |
| TENNESSEE STEEL STRUCTURES | ) | |
| Employer, | ) | |
| | ) | |
| AUTO-OWNERS INSURANCE CO., | ) | Judge Joshua Davis Baker |
| Carrier. | ) | |

## COMPENSATION HEARING ORDER
## DENYING CLAIM FOR INCREASED BENEFITS
## (DECISION ON THE RECORD)

This case concerns the employee's entitlement to additional benefits for his inability to return to work following a compensable work-related injury. Tennessee Steel Structures argues that Mr. Sandoval's status as an undocumented worker bars him from recovering additional benefits under Tennessee Code Annotated section 50-6-207(3)(F) (2017). Mr. Sandoval counters that this statute is unconstitutional and asks that the Court award him additional benefits. By agreement, the parties presented this case to the Court for a decision on the record. The Court denies Mr. Sandoval's claim for additional benefits.

### History of Claim

Mr. Sandoval suffered an injury while working for Tennessee Steel Structures; the parties settled the claim; and Mr. Sandoval failed to return to work at the end of the initial compensation period. He now seeks additional permanent disability benefits.

In lieu of a compensation hearing, the parties asked the Court to issue an order based on stipulations and "the record as a whole." To summarize the stipulations:

- Mr. Sandoval timely filed a petition for additional benefits under Tennessee Code Annotated section 50-6-207(3)(b).

- The parties agreed that the petition is "meritorious."

- The parties agreed that Mr. Sandoval "is not eligible or authorized to work in the United States under federal immigration law;" therefore, the parties agree that Tennessee Code Annotated section 50-6-207(3)(F) absolves Tennessee Steel Structure's liability for increased benefits.

- Notwithstanding their agreement on liability, Mr. Sandoval argued that section 50-6-207(3)(F) is facially unconstitutional.

- Concerning the constitutional question, the parties asserted that "[t]here remains a question about whether the Court of Workers' Compensation Claims has jurisdiction" to determine the facial constitutionality of a statute.

- Should the statute be determined unconstitutional, the parties stipulate to Mr. Sandoval's entitlement to $12,398.86 in increased benefits.

The parties gave the Attorney General notice of the constitutional question so that he could intervene. In a letter, the Attorney General declined to do so.

## Legal Principles and Analysis

While Mr. Sandoval has the burden of proving all essential elements of his claim by a preponderance of the evidence—*see* Tennessee Code Annotated section 50-6-239(c)(6)—that burden is immaterial here. The parties stipulated to the "merits" of his claim and seek resolution concerning a discrete issue: the facial constitutionality of Tennessee Code Annotated section 50-6-207(3)(F).

Section 50-6-207(3)(F) prevents people prohibited from working in the United States under federal immigration law from recovering additional benefits if they fail to return to work following a workplace injury. The parties agreed that federal immigration law prohibited Mr. Sandoval from working in the United States. Due to the federal prohibition, Tennessee Steel Structures asserted that the statute absolves its liability for increased benefits. Mr. Sandoval agreed that the statute applied but maintained that *Martinez v. Lawhorn*, 2016 Tenn. LEXIS 840 (Tenn. Workers' Comp. Panel Nov. 21, 2016)—a case addressing the constitutionality of a statute concerning limitations of benefits for undocumented workers—rendered section 50-6-207(3)(F) unconstitutional. In light of *Lawhorn*, Mr. Sandoval asked that the Court declare section 50-6-207(3)(F) unconstitutional and award him increased benefits.

2

The Court holds that it has no authority to make this determination. *See Pope v. Nebco of Cleveland, Inc.*, 2018 Tenn. LEXIS 145, 2018 WL 1611605 (Tenn. Workers' Comp. Panel Jan. 16, 2018) (citing *Richardson v. Board of Dentistry*, 913 S.W.2d 446, 455 (Tenn. 1995) (directing that "administrative tribunals 'have no authority to determine the facial constitutionality of a statute.'"). Consequently, the Court denies Mr. Sandoval's request for increased benefits.

If the parties appeal this case to the Supreme Court and the Supreme Court determines the statute is unconstitutional, the Court holds that Tennessee Steel Structures shall pay Mr. Sandoval $12,398.86 in increased benefits, according to the parties' stipulation.

The Court **ORDERS** the following:

1.  Mr. Sandoval's request for increased benefits is denied, and this claim is dismissed with prejudice.

2.  Costs of $150.00 are assessed against Mark Williamson d.b.a. Tennessee Steel Structures under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2017), for which execution may issue as necessary.

3.  Absent an appeal to the Appeals Board, the order shall become final thirty days after issuance.

**ENTERED ON JUNE 15, 2018.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on June 15, 2018.

| Name | Certified Mail | Via Fax | Via Email | Address |
|---|---|---|---|---|
| William Merrell, Jim Higgins; Employee's Attorneys | | | X | bmerrell@hhpfirm.com; jsh@higginsfirm.com; cassie@higginsfirm.com |
| David Drobny, Michael Haynie; Employer's Attorneys | | | X | ddrobny@manierherod.com; mhaynie@manierherod.com; mgrimmig@manierherod.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4